IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 16-289 MCA |
| | ) | Cr. No. 16-2107 MCA |
| vs. | ) | |
| | ) | |
| **TYSON ATOLE**, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States respectfully submits this sentencing memorandum, and hereby requests the Court accept the plea agreement and asserts that full consideration of the relevant sentencing factors should lead the Court to the conclusion that a sentence of seventy-one months of imprisonment, followed by three years of supervised release with the conditions contained in attachment A of the Presentence Investigation Report, and a $100 special penalty assessment is appropriate in this matter.

    **I.**    **Acceptance of the Plea Provides Certainty and Finality**

In consideration of acceptance of Defendant's plea agreement, the United States asks this Court to consider the parties' interest in minimizing the uncertainties of trial by negotiating this settlement. "The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 132 U.S. 1399, 1407 (2012). Parties in a criminal case must assess the likely outcome of motions and trial practice. Defendants in particular must weigh their tolerance for the risk of losing a trial against the benefits of a negotiated settlement.

Likewise, the United States must weigh the public and the victim's interest against the risks of proceeding to trial.

The United States carefully weighed the evidence in this case and evaluated the impact that further litigation would have on the victims. In negotiating Defendant's plea agreement, the United States considered the limitations and impact on the victims and weighed them against the nature of the offenses and Defendant's history. Accordingly, the United States asks this Court to accept Defendant's plea agreement.

## II.     Procedural History

On May 2, 2015, Defendant brutally attacked an inebriated female victim with a bottle, causing serious bodily injuries. (Doc. 17 at ¶ 12). On January 26, 2016, a federal grand jury indicted Defendant for assault with a dangerous weapon and assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113 and 1153. (Doc. 2). Two days after being federally indicted for assault on a female victim, Defendant assaulted another female. (Doc. 17 at ¶ 22). During a routine traffic investigation, Defendant resisted a female officer's authority and struck her arm, causing internal tissue damage. *Id*. On May 16, 2016, Defendant pleaded guilty to assault with a dangerous weapon for the 2015 incident and assault resulting in serious bodily injury for the 2016 incident. (Doc. 15). A presentence investigation report (PSR) was ordered and was completed on September 30, 2016. (Doc. 17). No objections to the PSR were noted by the United States or Defendant. No departures or variances have been requested by the United States or Defendant.

## III.    Analysis Under 18 U.S.C. § 3553(a)

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing. *See United States v. Booker*, 543 U.S. 220 (2005). Among other factors, a

court must consider the nature of the offenses, need for adequate deterrence, the applicable sentencing guidelines, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

### A. The Nature and Circumstances of the Offenses

The female victim in the 2015 incident was inebriated and vulnerable. Defendant perceived her to have verbally insulted his mother. Defendant became enraged and ambushed the victim, knocking her to the ground. Despite Defendant's significant size advantage, he apparently felt the impulse to arm himself with a bottle. Defendant struck the victim in the face with the bottle while she was on the ground. The victim lost consciousness and suffered severe lacerations requiring stitches.

The female victim in the 2016 incident was a law enforcement official in the line of duty. Defendant was observed operating a vehicle, presumably intoxicated. The victim attempted to initiate a traffic stop, but Defendant refused to comply. After arriving at his housing complex, Defendant attempted to run inside his house before the pursuing victim could apprehend him. As he moved toward the house, the victim attempted to grab his arm. Defendant struck the female victim in the arm, causing internal injuries. The injury to the victim's arm required surgical repair.

### B. The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant

The sentence imposed should provide adequate deterrence. Deterrence includes both general deterrence and specific deterrence. *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006). While general deterrence's goal is to "deter others from committing the same crime by demonstrating its disadvantageous consequences," specific deterrence's goal is "to incapacitate the wrongdoer, so as to protect society from further criminal activity." *United States*

*v. Irey*, 612 F.3d 1160, 1227 (11th Cir. 2010). An overly lenient sentence "signals to others that it is not a big deal to repeatedly defy United States' laws." *United States v. Corchado-Aguirre, 15-2115*, 2015 WL 6123216 (10th Cir. Oct. 19, 2015).

A sentence of imprisonment for seventy-one months provides adequate deterrence. As a general deterrent, a sentence on the high-end of the guideline range would recognize the seriousness of Defendant's criminal behavior. Defendant physically attacked two different women, in two different contexts, in a nine-month period. In both attacks, Defendant had a significant size advantage over his victims. Despite the size advantage, Defendant used a weapon in the first incident. As a specific deterrent, a sentence on the high end of the guideline range protects the public for at least seventy-one months and should instill a respect for the law in the Defendant.

### C. The Sentencing Guidelines for the Applicable Category of Offense Committed by the Applicable Category of Defendant

The Court must consider under 18 U.S.C. § 3553(a)(4) the sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant. The Supreme Court has recognized that even in the post-*Booker* world "the [Sentencing] Commission fills an important institutional role: It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise . . .'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). "In the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve 3553(a)'s objectives.' achieve 3553(a)'s objectives.'" *Id*. Furthermore, "a sentence within the correctly determined advisory Guidelines range is entitled to a rebuttable presumption of reasonableness." *United States v.*

*Mateo*, 471 F.3d 1162, 1169 (10th Cir. 2006).  A court must provide "compelling reasons" for divergence from the advisory guideline range.  *Id.* .

Imprisonment of the Defendant for seventy-one months is supported by an analysis of the sentencing guidelines.  Defendant pleaded guilty to assault with a dangerous weapon and assault resulting in serious bodily injury.  The applicable imprisonment guideline range for these charges is fifty-seven to seventy-one months.  A sentence at the high end of this guideline range is presumptively reasonable and supported by the seriousness of Defendant's conduct.

### D. The Need to Avoid Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Crimes

A sentence within the guideline range is the best approach to preventing unwarranted sentencing disparities between similarly-situated defendants.  The values of the justice system are undermined when there is substantial variance in sentences for similar offenses between judicial districts and even between individual judges in a single district.  Furthermore, uniform application of the Guidelines can temper the unconscious influence of inappropriate factors in sentencing such as race or gender.  Given the compelling interest served by the Guidelines in avoiding unwarranted and unjust disparities in sentencing, any variation from the Guideline range should be justified by equally important factors, which are nonexistent in this case.

### CONCLUSION

WHEREFORE, the United States requests the Court accept Defendant's plea agreement and sentence Defendant to imprisonment for seventy-one months, $100 special penalty assessment, and supervised release for three years with conditions as set forth in Attachment A of Doc. 17.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed on December 23, 2016*

JOSEPH M. SPINDLE
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused counsel of record to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on December 23, 2016

  /s/
JOSEPH M. SPINDLE
Assistant U.S. Attorney